CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 16 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES A. STOKES, ) | Civil Action No. 7:12-cv-00160 |
|     Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| DR. JAMES O'KEEFE, ) | By: Samuel G. Wilson |
|     Defendant. ) | United States District Judge |

Plaintiff James A. Stokes, a Virginia inmate proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Dr. James O'Keefe, a clinical psychologist at Lawrenceville Correctional Center. The court finds that Stokes' claims of constitutional violations are untimely filed and, therefore, dismisses this action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.

Stokes alleges that Dr. O'Keefe committed "improper conduct" and violated his right to due process at his involuntary commitment proceeding on January 13 and 14, 2009. Stokes claims that Dr. O'Keefe perjured himself by testifying that Stokes intended to harm himself. Stokes claims that Dr. O'Keefe "incorrectly diagnosed" him and that he never planned to harm himself. Stokes asserts that because of Dr. O'Keefe's perjury, the court "wrongly" committed him to the Marion Psychiatric Treatment Center on January 21, 2009 and that his confinement constituted cruel and unusual punishment. Stokes is now confined at Augusta Correctional Center. Stokes filed this § 1983 action on April 3, 2012 and asks the court to arraign Dr. O'Keefe for perjury, "obliterate" the involuntary commitment from his record, and award damages.

## II.

For purposes of the statute of limitations, § 1983 actions are considered personal injury claims and are governed by the personal injury statute of limitations and tolling laws in the state where the alleged injury occurred. Lewellen v. Morley, 875 F.2d 118, 120 (7th Cir.1989); see also Hardin v. Straub, 490 U.S. 536, 539 (1989); Wilson v. Garcia, 471 U.S. 261, 279 (1985); Blanck v. McKeen, 707 F.2d 817, 819 (4th Cir. 1983). The alleged constitutional violations took place in Virginia and, therefore, the Virginia statute of limitations governs this case. Virginia has a two-year statute of limitations for general personal injury claims. Va. Code Ann. § 8.01-243(A); Almond v. Kent, 459 F.2d 200, 203–04 (4th Cir. 1972). Under these principles, a plaintiff bringing a civil rights action under § 1983 in Virginia must do so within two years from the time when his action accrues.[1]

In this case, Stokes' § 1983 claim accrued in January 2009 at the time of his commitment to the Marion Psychiatric Treatment Center. Stokes filed this action on April 3, 2012, more than two years after the alleged cause of action accrued. Accordingly, the court finds that Stokes' § 1983 claim is barred by the statute of limitations.[2]

---

[1] Under federal law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action. See Brooks v. City of Winston Salem, 85 F.3d 178, 181 (4th Cir. 1996); United States v. Kubrick, 444 U.S. 111, 122–24 (1979). An inmate's action is commenced for purposes of the statute of limitations as soon as he delivers his complaint to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988), Lewis v. Richmond City Police Dep't, 947 F.2d 733, 735 (4th Cir. 1991). In Virginia, then, if an inmate has not delivered his complaint to prison officials for mailing within the two year period following the time when he knew or had reason to know of his alleged injury, that inmate is barred by the Virginia statute of limitations from bringing suit. The court notes that Stokes was aware of any potential constitutional violation he may have suffered well within the statute of limitations period, as evidenced by his filing of a prior civil rights action concerning the same issues. See Stokes v. O'Keefe, 7:10cv539 (W.D. Va. Dec. 8, 2010).

[2] Moreover, to the extent Stokes seeks to institute state criminal charges against Dr. O'Keefe, the decision to bring criminal charges is solely the province of the Commonwealth's Attorney in the appropriate jurisdiction, and it is not an appropriate matter for a § 1983 action.

## III.

For the stated reasons, the court dismisses Stokes' complaint as frivolous because it is untimely filed.[3] See Nasim v. Warden, 64 F.3d 951, 954–55 (4th Cir. 1995) (affirming district court's sua sponte dismissal of an in forma pauperis case as frivolous when the plaintiff's claims were time-barred by the statute of limitations); Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983) (affirming district court's dismissal of claims as frivolous when claims were time-barred by the statute of limitations).

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and accompanying Order to the plaintiff.

**ENTER**: This 16th day of April, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[3] "Despite the broad terms of § 1983, [the Supreme Court] has long recognized that the statute was not meant to effect a radical departure from ordinary tort law and the common-law immunities applicable in tort suits." Rehberg v. Paulk, 132 S. Ct. 1497, 1502 (2012). The Court has explained that a witness should be free to perform his function "with independence and without fear of consequences." Id. at 1503 (quoting Pierson v. Ray, 386 U.S. 547, 554 (1967)). "Absolute immunity is thus necessary to assure that . . . witnesses can perform their . . . functions without harassment or intimidation." Butz v. Economou, 438 U.S. 478, 512 (1978). Here, were the statute of limitations not dispositive, Stokes' § 1983 claim would be subject to dismissal on the ground of absolute witness immunity.

3